UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RODNEY JENKINS WELLS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-2043** |
| **BURGER KING #502** | **SECTION "C"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I. Factual and Procedural Background

The plaintiff, Rodney Jenkins Wells, ("Wells") is an inmate housed in the Templeman Jail within the Orleans Parish Prison system in New Orleans, Louisiana. He filed the original *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Burger King #502 and its unidentified manager, seeking to recover damages for a slip and fall accident that occurred on August 7, 2010.

Wells alleged in the original complaint that, on that day, he walked into the restroom at the Burger King #502 on Canal Street and slipped and fell in water that was all over the floor. He

claimed that he injured both shoulders and his upper and lower back. Wells also alleged that he was unable to stand and was taken by ambulance to Ochsner Medical Center. As relief, Wells sought monetary damages in the amount of $100,000.00 and to be paid by the defendants for his medical bills, mental anguish, and pain and suffering.

On August 9, 2012, the undersigned issued a Report and Recommendation recommending that Wells's claims be dismissed with prejudice as frivolous and otherwise for failure to state a claim for which relief be granted pursuant to 28 U.S.C. § 1915(e), § 1915A and 42 U.S.C. § 1997e(c). The recommendation was based on the fact that Burger King #502 was not a state actor thus not a proper defendant under § 1983. In addition, the unidentified manager of the Burger King #502 was not a properly identified person nor a state actor subject to suit under § 1983. Finally, the Court reported that, even if Wells could point to an appropriate party, his claims and injury arose under a legal theory of negligence which is not cognizable under § 1983. Wells did not file an objection to the Report and Recommendation.

Instead, without leave of court, Wells filed an Amended Complaint identifying the manager as Ms. Alexis and suing the "Owner/Operator" of the Burger King on Canal Street. He again set forth the same allegations regarding his slip and fall in the restroom at the Burger King restaurant on Canal Street. He also reiterated the pain and injury suffered as a result of his fall caused by the standing water on the floor of the restroom. He suggested that his Fourteenth Amendment rights were violated because he was denied equal protection from harm and injury. He sought $2.7 million in damages for his pain and suffering as well as payment of his medical bills.

After the Amended Complaint was filed, on November 2, 2012, the District Judge vacated the Report and Recommendation and referred the matter back to the undersigned Magistrate Judge.[1]

Wells's Amended Complaint supersedes the original Complaint. *Easton v. Holt*, 73 F.3d 600, 603 & n.21 (5th Cir. 1996) (noting that it is well settled in the Fifth Circuit that an amended complaint supersedes the original complaint); *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (amended complaint supersedes original complaint and renders it of no legal effect "unless amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading."). The Amended Complaint, however, failed to correct the frivolous nature of the original Complaint and the claims therein. For reasons similar to those previously reported, the Amended Complaint must be dismissed as frivolous and for failure to state a claim for which relief can be granted.

## II. Standards of Review

Title 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318, 326-27 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper*

---

[1]Rec. Doc. No. 7.

*v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

## III.   Analysis

### A.   No Proper Defendant Under § 1983[2]

Wells has named as defendants the Owner/Operator and Ms. Alexis, the manager, of the Burger King #502 on Canal Street. Neither of these parties are alleged to be state actors subject to liability under § 1983.

Under § 1983, a federal cause of action exists against any person, who, acting under color of state law, deprives another of his constitutional rights. 42 U.S.C. § 1983; *see Will v. Michigan Dep't of State Police*, 491 U.S. 58, 60 & n.1 (1989). To state a claim under § 1983, a plaintiff must identify both the constitutional violation and the responsible person acting under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Polk County v. Dodson,* 454 U.S. 312, 326 (1981). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Manufacturers Mutual Insurance Co. v.. Sullivan*, 526 U.S. 40, 49-50 (1999) (internal quotation marks omitted).

---

[2]The original defendant, Burger King #502, was terminated by the Clerk of Court upon the filing of the superseding Amended Complaint.

In keeping with this rule, neither a private company nor a private individual are generally considered to act under color of law and are not state actors to be held liable under § 1983. *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005) ("Private individuals generally are not considered to act under color of law, *i.e.*, are not considered state actors. . . ."); *Pleasant v. Caraway,* 25 F.3d 1044, 1994 WL 261217, at *1 (5th Cir. June 6, 1994) (Table, text in Westlaw) (same). In this case, the defendants, the Owner/Operator of Burger King #502 and Ms. Alexis, are private actors not subject to suit under § 1983. *Accord McCain v. Buffalo Wild Wings*, 2012 WL 298005, at *8 (D.Vt. Feb. 1, 2012) (recognizing Burger King as a private employer not a state actor for Equal Protection purposes).

An exception for private actor liability can exist when a plaintiff establishes that "a private person is involved in a conspiracy or participates in joint activity with state actors." *Ballard*, 413 F.3d at 518 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150-52 (1970)); *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004) (private person/company not liable under § 1983 unless plaintiff alleges and proves an agreement between private and public defendants to commit an illegal act resulting in a deprivation of the plaintiff's constitutional rights). To succeed on a joint participation or conspiracy theory, the plaintiff must allege not only a deprivation of constitutional rights, but also establish "an agreement between the public and private defendants to commit an illegal act." *Priester*, 354 F.3d at 420.

Wells, however, has not alleged any such exception to the general rule that would render the Burger King owner/operator or Ms. Alexis liable under § 1983. He merely argues that he fell in the bathroom of a privately owned and operated restaurant which caused him injury. This fails to establish a basis for liability against these defendants.

Having failed to point to any basis to hold these private actors liable under § 1983, Wells's claims against them must be dismissed as frivolous and for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e).[3]

**B.     Negligence Claims Not Cognizable Under § 1983**

Furthermore, Wells alleges that he slipped and fell in standing water in a bathroom. Under some contrived notion he does not explain, he suggests that this constituted a violation of his Fourteenth Amendment right to equal protection, that is, protection from harm and injury.

Unfortunately for Wells, it is not enough to simply invoke the Fourteenth Amendment to establish liability under § 1983. Instead, a § 1983 plaintiff must establish an Equal Protection violation by alleging either (a) that "a state actor intentionally discriminated against [him] because of membership in a protected class [,]" *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir.1999) (citation omitted), or (b) that he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment," *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). *See also Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001). It is well established, however, that the Fourteenth Amendment's Equal Protection Clause applies *only* to state actors and not to private actors. *Fitzgerald v. Barnstable School Commission*, 555 U.S. 246, 257 (2009) ("The Equal Protection Clause reaches only state actors. . . .").

As discussed above, Burger King, its owners/operators and Ms. Alexis are private actors. *Accord McCain*, 2012 WL 298005 at *8. Wells again has failed to state a claim or basis for an Equal Protection violation.

---

[3]Because this case does not involve government officials or prison conditions, the standards and grounds for dismissal under 28 U.S.C. § 1915A and 42 U.S.C. § 1997e are not relevant.

Instead, even under the broadest construction, Wells has alleged nothing more than a typical slip and fall tort action against non-state actors. Not only has he failed to allege state action, he has failed to allege a violation of a constitutional right. "Section 1983 imposes liability for violations of rights protected by the Constitution, [however,] not for violations of duties of care arising out of [state] tort law." *Baker v. McCollan*, 443 U.S. 137, 146 (1979). Thus, it is well settled that § 1983 liability must be predicated on more than mere negligence. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986). Such claims of injury caused by slip and fall, even those involving state actors, are routinely rejected as not cognizable under § 1983. *See*, *e.g., Noble v. Grimes*, 350 Fed. App'x 892, 893 (5th Cir. 2009) (slip and fall in standing water in prison shower); *Atkins v. Sheriff's Jail Avoyelles Parish*, 278 Fed. App'x 438, 439 (5th Cir. 2008) (slip and fall when exiting prison shower); *McLaughlin v. Farries*, 122 Fed. App'x 692, 693 (5th Cir. 2004) (slip and fall in water from leaky air conditioner in cell).

Thus, Wells's claims against the Operator/Owner of Burger King #502 and Ms. Alexis, the manager, should be dismissed with prejudice as frivolous and otherwise for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e).

C. **State Law Negligence Claims**

Although not argued, to the extent Wells may have intended to pursue state law claims of negligence, the Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over these claims.[4]

The "general rule" in the Fifth Circuit "is to decline to exercise jurisdiction over pendent state-law claims when all federal claims are dismissed or otherwise eliminated from a case prior to

---

[4]Wells has not alleged any basis for jurisdiction in this federal court other than federal question under § 1983.

trial." *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (citation omitted); *accord Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims"). Under § 1367(c), a district court may decline to exercise supplemental jurisdiction if (1) a claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. *See Joseph v. Nelson Coleman Corr. Ctr.*, No. 09-7562, 2010 WL 5058195, at *16 (E.D. La. Nov. 30, 2010).

For the reasons set forth herein, the Court has determined that Wells's federal claims under § 1983 against the defendants are frivolous and fail to state a claim for which relief can be granted. Any claims of negligence against these private actors are best left to the state courts.

Thus, pursuant to §1367(c)(3), to the extent he has raised state law claims, these claims should be dismissed without prejudice as the Court declines to exercise its supplemental jurisdiction. *Accord Brim v. ExxonMobile Pipeline Co.*, 213 Fed. App'x 303, 305 (5th Cir. 2007) ("In this instance, § 1367(c)(3) clearly applies because the district court dismissed [plaintiffs'] federal statutory claims on summary judgment.").

## IV. Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Wells's § 1983 claim against the Owner/Operator of Burger King #502 and Ms. Alexis, the manager, be **DISMISSED WITH**

**PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief may be granted pursuant to 28 U.S.C. § 1915(e).

It is further **RECOMMENDED** that, to the extent Wells asserts state law negligence claims, those claims be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[5]

New Orleans, Louisiana, this 23rd day of January, 2013.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[5]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.